**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **RAVE INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**APPLE INC.,**<br><br>**Defendant.** | **Civil Action No. 26-5128 (WJM) (AME)**<br><br>**ORDER** |

**SALAS, DISTRICT JUDGE**

It appearing that:

1. On May 7, 2026, Plaintiff Rave Inc. ("Plaintiff") filed a Complaint against Defendant Apple Inc. ("Defendant") in the United States District Court for the District of New Jersey. (D.E. No. 1 ("Complaint")). Plaintiff, the designer and operator of a "cross-platform co-viewing application," brings several claims under the Sherman Act and other causes of action, alleging that Defendant has engaged in anti-competitive behavior that has harmed Plaintiff's product. (*See generally* Complaint). On the Civil Cover Sheet attached to the Complaint, Plaintiff noted two related cases: (i) *In re Apple Inc. Smartphone Antitrust Litigation*, MDL No. 3113 ("MDL Action") and (ii) *United States v. Apple Inc.*, No. 24-4055 ("DOJ Action"). (D.E. No. 1-1 at 1).

2. This case was first assigned to Judge Julien X. Neals and Magistrate Judge Leda D. Wettre. On May 13, 2026, Chief Judge Renee Marie Bumb issued a text order reassigning the case to Judge William J. Martini and Magistrate Judge Andre M. Espinosa. (D.E. No. 6).

3. On May 21, 2026, Plaintiff filed a letter requesting reassignment of this matter, pursuant to Local Civil Rule 40.1(d), to Judge Neals and Magistrate Judge Wettre. (D.E. No. 7). Plaintiff argues that the DOJ Action and MDL Action grow out of the same transaction as the present matter and involve common issues of fact and law. (*Id.* at 2–3).

4. On May 26, 2026, Defendant filed a letter opposing reassignment of the action to Judge Neals and Magistrate Judge Wettre. (D.E. No. 10). Defendant argues, *inter alia*, that the present case is different from the DOJ Action and MDL Action because those cases involved government enforcers and putative classes of device purchasers, while the present matter is brought by an individual app-developer; that the DOJ Action and MDL Action principally allege harm to competition in smartphone markets while the present action advances an additional, distinct theory; and that the Judicial Panel on Multidistrict Litigation ("JPML") has previously recognized that app-developer cases are significantly different from the MDL Action. (*Id.* at 2).

5. Pursuant to Local Civil Rule 40.1, "[w]hen a civil action, whether filed by counsel or a pro se party . . . (2) grows out of the same transaction as any case already or previously pending in this Court . . . counsel or the pro se party shall at the time of filing the action inform the Clerk of such fact. Whenever possible, such action shall be assigned to the same Judge to whom the pending or previously related action is or was assigned." Local Civil Rule 40.1(c). Following assignment of a civil case, "[o]bjections to either the allocation or the assignment of a civil case shall be made before the Chief Judge, on notice to opposing counsel and to the District Judge and Magistrate Judge to whom the case has been assigned." Local Civil Rule 40.1(d). "Disposition of any objections submitted under paragraph (d) above, and any other reallocation or reassignment of any case, shall be upon order of the Chief Judge." Local Civil Rule 40.1(e).

6. On October 9, 2026, due to a party conflict, Chief Judge Bumb referred the request for reassignment, (D.E. No. 7), to the Undersigned for determination.

7. The Court has carefully considered the parties' submissions, and for substantially the same reasons as set out in Defendant's letter, (D.E. No. 10), the Court finds that the present matter is not sufficiently related to the DOJ Action or the MDL Action to warrant reassignment.

**Accordingly**, IT IS on this 20th day of October, 2026,

**ORDERED** that Plaintiff's request for reassignment, (D.E. No. 7), is DENIED; and it is further

**ORDERED** that this matter shall remain assigned to Judge Martini and Magistrate Judge Espinosa.

*/s/ Esther Salas*
**Esther Salas, U.S.D.J.**